This case presents the court with an opportunity to correct a mistake it made in 2001. In Newsom v. McCabe, the court with a sight of C As you know, we have repeatedly declined to revisit Newsom. Why should we do it now after 5 or 6 or 7 turndowns? The most recent challenge to Newsom was rejected by the court with the statement that counsel has not presented us with any argument about why Newsom was wrongly decided or why it's been reversed by the Supreme Court. I am here today to earnestly suggest that Newsom was wrongly decided, that it relied on a reading of Marx v. U.S. The Supreme Court has granted certiorari manual against Joliet, one of our cases. Why isn't the same thing to do, to wait and see what it says? Manual v. Joliet need not reach the Newsom question. It could decide only that this court's view of the Fourth Amendment, that it ends with the judicial issuance of process, is incorrect and that the Fourth Amendment seizure continues throughout incarceration. That would be all that the court has to decide in manual to reverse that case and send it back for trial. This case does not involve a Fourth Amendment, well, could involve a Fourth Amendment violation, but was framed in district court, also involved a substantive due process violation. There's outrageous government conduct, which is alleged in the complaint, which comes under Newsom if the city's argument that there is an available remedy in state court is correct. I don't see how there can be a remedy in state court given the fact that there was probable cause for arrest here. I would think you just got a more fundamental kind of problem with the due process, under the due process clause with the deprivation of liberty that the plaintiff in essence could not avoid because the city was not cooperating with its end of the registration requirement. I don't see why this is a Newsom issue at all. Well, the district judge adopted a different view and said this case falls because of Newsom. Well, that doesn't mean it's right. I think it's wrong and this court certainly could reverse without questioning Newsom. Wouldn't that be easier than asking us to go in bank on a mistaken view of this case to deal with this argument about arguable errors that the Supreme Court may straighten us out on or may not eventually? That would certainly be easier. Okay. Now, you've indicated in your brief there are a number of other similar cases pending in the district court here, correct? Well, they're different than this. This case is a case seeking damages for being locked up for 17 months. The other cases basically were brought to challenge the refusal to let people register who did not have a fixed address. Well, there's a class action pending, correct? You and your colleague are some of the counsel in that case. That's correct. But the other cases, as near as I can tell, don't pose the same kind of statute of limitations problems that this one does. Well, it depends when the statute of limitations arises and what you're complaining about. If this is in the nature of an action that accrued when the deprivation of liberty ended, which means it's in the nature of malicious prosecution even though it's not malicious prosecution, it's just in that nature, then the cause of action accrued when the criminal proceedings were resolved in favor of Mr. Regan. So what's the argument for arguing, Mr. Flexman, that the statute of limitations started when the deprivation of liberty ended? Because this is what we're complaining about. We're complaining about him being deprived of liberty for 17 months until he was found not guilty, and then the clock starts to run that this is in the nature of malicious prosecution. But that has to do with the damages and the amount of damages, right? Why does it have to do with the statute of limitations? It has to do with the cause of action. The cruel of a federal cause of action is a term of a federal court. But that's just back to the argument that everything depends on overruling Newsom. Your main problem is Wallace against Cato, and I wish you would discuss that, because it says that a claim based on deprivation of liberty accrues when the person is deprived of liberty. I disagree with that reading of Cato. Cato said when there's a false arrest or false imprisonment claim, that claim accrues when you're arrested or when judicial proceedings begin. That's what Wallace said. Wallace didn't say that everything is a false arrest or claim that involves the arrest. And this claim doesn't involve the arrest. In this case, there was probable cause to arrest. But it does involve the arrest. If your argument is, as I understand it, you're questioning whether the city has a pattern of practice of sort of refusing to follow the monitoring law and instead pointing homeless folk to one of these shelters and not requiring them to check in every week, right? Right. Okay. And you're arguing that by failing, by exercising that pattern of practice and failing to follow the monitoring law, the city caused your client's arrest. He would not have been deprived of his liberty even for a day if the city had followed that law. They caused his arrest, and more importantly, they caused his prosecution. If we were just arguing about the arrest under this court's Fourth Amendment jurisprudence, his damages would end when he went before a judge and just had probable cause to detain, and he would get damages for two days of incarceration. And perhaps the Supreme Court will change that. But this case is not about the arrest. This case is about prosecuting him. Okay. So it's either on the day of the arrest or the day of the filing of the complaint. If it's a false arrest claim, if it's a claim in the nature of malicious prosecution, which we structure this case as something that. I know that's how you structured it, but what I'm asking is why? Because it seems to me that if this pattern or practice caused a deprivation of liberty, that starts at the time of arrest, and if it caused a prosecution that should not have taken place, that's at the time of the filing of the complaint, and the amount of time that passes after that is accrual of damages. That's not the way the Supreme Court wrote ballots, as I recall. They said if it's false arrest, it accrues when you're arrested. We don't know if. We're not deciding if the damages for false arrest end when you see a judge. This court has decided that, and that might be before the Supreme Court in the Joliet case. But we're talking about prosecuting him, and we're talking about outrageous government conduct causing the prosecution, which fits under the rubric of substantive due process. Are there further questions? I'll be glad to answer them. All right. Thank you. Thank you, Mr. Waxman. Good morning, Your Honor. Ms. Demetria. I just would like to follow up on the point that the judge made about the accrual of the cause of action. In Wallace v. Cato, the Supreme Court ruled that even though all of the damages may not have finished, may not have ended, that does not stop the accrual of the cause of action. The Supreme Court said, even assuming that all damages for detention pursuant to legal process could be regarded as consequential damages attributable to the unlawful arrest, that would not alter the command's mandate for the statute of limitations. The cause of action accrues even though the full extent of the injury is not unknown or predictable. So we agree that to the extent, and it's a very confusing complaint. It's very hard to comprehend what is exactly the claim that the plaintiff is bringing. But to the extent he complains about the circumstances underlying his initial registration, a duty to register upon release from prison, that he knew about the injury and that he was damaged. He incurred an injury from that practice on the day he was arrested and detained. So let's say he's been in jail for a month awaiting trial on this charge, and he files this civil complaint. Yes. For damages. What's the city's response to that? Actually, it is in fact what the plaintiffs in the other Bailey case did. There is one plaintiff in the Bailey case, I believe it was Ms. Montgomery, who filed a 1983 claim pro se while he was incarcerated. And I believe he's still incarcerated. And so there is no, and that's why this case is still proceeding, you know, as a class action right now, precisely because there is no statute of limitations issue there. So the plaintiffs could bring to the court's attention the due process claims regarding the initial registration practices. What's a bit confusing here is that by the plaintiff's own concession, he does not complain about the initial registration practices, because that is not what resulted in his arrest on charge. The state statute contains two duties, puts two affirmative duties on the sex offenders. First is the initial duty to register upon release. They have within three days of release from prison, they have to register. And that duty is governed by Section 3 of the statute. Then there is a separate continuing duty to report any type of changes in the initial registration. That's governed under a separate section of the statute, Section 6. And this is the section of the statute under which Mr. Regains was charged and arrested. And this is the charge that resulted in his detention, what he's complaining about. Because as he admits, you know, he makes a lot of concessions, especially in his reply brief. He's not complaining about the initial registration practices, because this is not what caused his injury. He went and registered in the homeless shelter, and he registered his homeless shelter as his address. He's complaining that the city refused to accept his honest registration, that he was homeless. Under the statute, there is no discretion to accept the person's word for his initial registration address. And unfortunately, we're operating under a very imperfectly drafted statute that as far as the duty to report goes, it allows people without fixed residence, which would include homeless people, to report every seven days with the residents, with the places where they've stayed for the last seven days. And that's under reporting requirements. The requirement to register does not contain any exception for the homeless people. The requirement to register requires law enforcement authorities, including Chicago Police Department, to require a proof of positive documentation. It requires positive documentation of an address with which they are registering. So Mr. Regains, he was not charged and arrested with failing to comply with the initial duty to register. He actually did comply with the duty to register. Once he was in the homeless shelter, if he left the shelter, and he knew when he was released from prison, you know, there is a requirement to notify, to let the... Counsel, on these pleadings, don't we have to assume that he was trying to comply with that law, and that the police made it impossible for him to comply with the seven-day periodic reporting for registrants who did not have a fixed address? He actually never pleads in the complaint that he tried to comply with a seven-day reporting requirement. I'm sorry. I didn't understand. He never alleges in his complaint that he tried to report every seven days. He complains about the initial registration. I mean, there is no allegation that once he was in the shelter, he came back to the Chicago police and said, from now on, I would like to report every seven days. Counsel, his complaint is pretty clear that he was, in essence, misled by the police, right? He alleges that the police directed him to the shelter, did not register. They told him to use the shelter, come back in 90 days, don't bother us with this every seven days reporting, right? That's the claim. I assume you are also handling these other related cases, right? Well, not me personally, but the city. But the city is. Your colleagues are. Yes. I mean, obviously, there's a problem, a similar problem, alleged by a number of folks, right? Yes. So if the city police are, in fact, engaging in this practice, it seems to make it very, very difficult for people who would like to comply with the law to do so. And they wind up committing a strict liability felony, right? I mean, I would say that the state statutory scheme makes it very hard, but I would agree. Well, the state statute does allow for this every seven day reporting. Reporting, not the registration, not the initial registration. And the Chicago police, maybe they figure they've got better things to do, are saying no in a number of these cases. Those are the allegations, right? These are the allegations. Right. In the other lawsuits. And in this lawsuit. So why isn't that an elementary denial of liberty, a deprivation of liberty without due process of law, where the person can't manage to comply with the law because the city is refusing to uphold its obligation? Your Honor, and perhaps in the Bailey case, there are more appropriate factual circumstances. This is not what the plaintiff is complaining about in this particular case. Here, there is no complaint that he didn't comply with the initial duty to register. He did comply with it. This is not what caused his detention. No, no. You're missing my point. Go ahead, Judge. I'm sorry. I don't mean to put words in Judge Hamilton's mouth, but he's not asking you about the initial registration issue. He's saying if the statute required Mr. Regains or anybody else to go in every seven days and report, and a police officer looks at him and says, okay, I'm going to put up with you for every seven days, just go over to the homeless shelter over there, put that down as your address, and then come back in 90 days. We don't want to see you before 90 days. And so he does that. He has been told by an authority figure, a law enforcement officer, that he does not have to do what the statute says. Has not the police department made it impossible for him to comply with the statute in such a way that to arrest him for failing to comply with the statute constitutes a deprivation of liberty? You know, taking his allegations as, like, most favorable to him, yes, yes, it could be, but then it would be time-barred because any cause of action he would have had would have accrued at this time. He knew that this, you know, he had constitutional right when he was arrested, deprived of his liberty or if, you know, maybe failure to register, although he did register, so it didn't happen. In case he did register, so whatever deprivation of liberty occurred, it would have been at the time of his arrest. Then he was aware of his injury and his detention, pre-trial detention at that time. At that time, the statute of limitations began to accrue, and it's not impossible to do because other plaintiffs in his circumstances certainly complied with the statute of limitations. And just so we're correct, though, the city is taking the position that it is not premature to file such a claim before the end of criminal process. Right. So you would not be opposing these other claims on the theory that, well, we're still, the case is still ongoing. You wonder because I'm not counsel of record in those cases. You are counsel for the city of Chicago. Yes. And the city cannot take inconsistent positions to prevail on two cases, okay? To my knowledge, the city has, to my knowledge, and I have to, you know, limit it to my knowledge, the city has not taken that position. You're being asked a technical question about whether the city has invoked Heck against Humphrey. Exactly. No. In the other cases. And whether it will. The city has not invoked, no, because exactly we believe that this is. So then there could be no time bar in this case. Is that clear? That's right. If Heck applies, this suit is timely. Precisely. Could you please repeat that? Okay. I'll try it again. If this suit. If Heck applies in this case, the suit is timely. Heck does not apply here. And it's the same rules for people asserting all of these claims based on the police conduct, on the police refusal to take these seven-day reports, okay? I believe I understand you, Your Honor, and I believe we are in agreement. Tell you what, I think it would be helpful for you to, within seven days, notify both Mr. Flaxman and the court whether the city is relying on Heck against Humphrey in any of these other lawsuits. In the other litigation? In the other litigation. I'm sorry, Your Honor, in the other litigation or here? Both. In both? Yes. We certainly can do that. Thank you. Thank you, Your Honor. Thank you. But we would ask that this court affirm. Thank you. Thank you. Anything further, Mr. Flaxman? No, Your Honor. Thank you very much. This case is taken under advisement.